## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MICHAEL ROMERO,

        Plaintiff,

    vs.                                      Case No. 2:10-cv-867 LH/DJS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant's *Motion to Extend Discovery Deadline to Disclose an Additional Expert Witness and Report* [Doc. 36], filed June 6, 2011.  After considering the Motion, Plaintiff's response [Doc. 37], Defendant's reply [Doc. 43], and the arguments of counsel at a hearing on July 14, 2011, the Court denies the motion without prejudice.

## I.    BACKGROUND

This case involves an insurance coverage dispute arising out of an accidental death and dismemberment policy (the "Policy").  The issue before the Court is whether to reopen discovery to permit Defendant to disclose an expert who will opine that the signature on a coverage increase form is not authentic.

Plaintiff's mother, Mrs. Romero, enrolled in the Policy in 1993 when she was approximately seventy-four years old.  Mrs. Romero died in December 2009, apparently from exposure to cold, after wandering off from her mobile home in Capitan, New Mexico, and spending the night outside in freezing temperatures.

Plaintiff Michael Romero is purportedly the beneficiary of the Policy.  Mr. Romero claims his mother's death qualifies as an "accident" and benefits therefore are payable to him.  Defendant

Hartford Life and Accident Insurance Company ("Hartford"), on the other hand, claims the Policy does not cover death due to exposure as it occurred in this case.

The amount of the benefit, assuming coverage, is also in dispute. The benefit changed several times over the years Mrs. Romero was enrolled in the Policy. The most recent change was a purported increase in 2007 from $1,000 to $300,000. Mr. Romero claims Hartford sent his mother a form inviting her to increase the benefit (the "2007 increase form"), and that either his mother signed the form, or the he perhaps signed the form with Mrs. Romero's name acting as power of attorney on her behalf. [Doc. 41 at 2 (¶¶ 3, 5).]

Hartford's deadline to disclose experts and expert reports pursuant to Fed.R.Civ.P. 26(a)(2) expired May 16, 2011, and discovery closed May 30, 2011. After an unsuccessful settlement conference before the undersigned Magistrate Judge on June 1, 2011, Hartford filed the instant motion to reopen discovery to permit it to disclose an expert document examiner, Judith Housely. Hartford claims that late in the discovery period it learned of the need for expert testimony on the issue of the authenticity of the signature on the 2007 increase form. Ms. Housely opines that the signature on the form, though purporting to be that of Emma Romero, was actually authored by the Plaintiff, Michael Romero. [Doc. 36 at 4–5.]

## II.    LEGAL STANDARDS

The subject motion concerns a nondipsositive discovery issue. The undersigned has been assigned as pre-trial Magistrate Judge to preside over all non-dispositive pre-trial matters in accordance with Fed.R.Civ.P. 72(a). D.N.M.LR-Civ. 73.1(a).

A district court has wide discretion in its regulation of pre-trial matters, including whether to reopen discovery. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990). In exercising its discretion, courts consider the following factors: 1) whether trial is imminent; 2)

whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery; and 6) the likelihood that the discovery will lead to relevant evidence. *SIL-FLO, Inc*., 917 F.2d at 1514 (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987)).

## III.   ANALYSIS

### A.   Relevance of the requested discovery

The sixth factor—relevance—is dispositve.  Reopening discovery would entail not only disclosing Ms. Housely's report, but also her deposition as well as the disclosure and deposition of a potential rebuttal expert.  The Court finds this additional discovery unnecessary because two motions for summary judgment which may dispose of the case are pending, and neither side claims to need the opinion of an expert document examiner to support or oppose summary judgment.

#### 1.   Hartford's motion for summary judgment

Hartford's summary judgment motion argues that no benefits are payable because the Policy does not cover Mrs. Romero's death.  [Doc. 39.]  In this case, a determination that coverage exists necessarily precedes a determination of the amount of coverage.  If Hartford prevails on its summary judgment motion, the question of the amount of benefits due falls away and the validity of the 2007 increase form—as well as the authenticity of the signature—becomes a nonissue.  There is no need for the parties to engage in expert discovery bearing on the amount of the benefit when the issue of coverage is pending on summary judgment and may be dispositive of the case.

#### 2.   Mr. Romero's motion for summary judgment

Mr. Romero's summary judgment motion, among other things, seeks a declaration of the amount of coverage.  [Doc. 41.]  In opposing Mr. Romero's motion, Hartford argues that the identity

of the person who signed the 2007 increase form is a genuine issue of material fact which precludes summary judgment in Mr. Romero's favor.  [Doc. 44 at 11–12.]  To support its argument, Hartford points to purported inconsistencies in Mr. Romero's deposition testimony.

The court expresses no opinion regarding whether Hartford has successfully raised a fact issue or whether Mr. Romero's testimony is inconsistent.  What is relevant for purposes of Hartford's motion to reopen discovery is that Hartford does not claim it requires Ms. Housely's opinion to oppose Mr. Romero's motion for summary judgment.

At the hearing on July 14, 2011, Defendant's counsel confirmed that Ms. Housely's opinion is not a factor on summary judgment.  The Court inquired whether Hartford would, if the additional expert discovery were allowed, amend its summary judgment papers.  Counsel did not assert that Ms. Housely's opinion was necessary either to support or oppose summary judgment.  Counsel instead responded that Ms. Housely's opinion was relevant to Mr. Romero's credibility and might be used at trial.  If Ms. Housely's opinion goes simply to credibility, then it is not necessary for summary judgment.  *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000) ("It is axiomatic that a judge may not evaluate the credibility of witnesses in deciding a motion for summary judgment.").

Even if Ms. Housely's opinion were relevant in some manner to the issues raised by Mr. Romero's summary judgment motion, the Court need not reopen discovery given that Hartford has not sought a continuance or other relief under Rule 56(d).[1]  If a nonmovant believes it cannot present facts essential to justify its opposition to summary judgment, it must file an affidavit or declaration pursuant to Fed.R.Civ.P. 56(d) specifying the reasons.  Upon a proper showing by the nonmovant, the court may defer considering the motion for summary judgment, deny the motion for summary

---

[1]Formerly Rule 56(f).

judgment, or allow additional time for discovery.  Fed.R.Civ.P. 56(d).  Where a party does not avail itself of the shelter provided by Rule 56(d), the district court may proceed to grant summary based on the existing record notwithstanding an outstanding discovery dispute.  *See Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1124–25 (10th Cir. 2008).

Hartford responded to Mr. Romero's summary judgment motion, but did not file an affidavit or declaration under Rule 56(d) claiming that a document examiner's opinion was essential to its opposition.  This leads the Court to the conclusion that Ms. Housely's opinion is not necessary to a determination of the issues pending on summary judgment.

### B.    Other factors

Because relevance is the dispositive consideration, the Court need not address the other five factors at length.  However, the Court notes that the first two factors also weigh in favor of denying the motion to reopen discovery at this time.  First, a trial date has not been set.  Thus, the parties likely will have time to conduct limited expert discovery in advance of any future trial setting if the case is not disposed of on summary judgment.  Second, the motion is opposed.  Plaintiff's counsel indicated at the hearing that he is opposed to engaging in additional discovery while the motions for summary judgment—which may dispose of the case—are pending.  However, given the nature of the issue, the Court believes the parties may in the future be able to agree to reopen discovery on a limited basis if the case is not otherwise resolved.

### IV.    CONCLUSION

The Court concludes there is no need to reopen discovery while the motions for summary judgment are pending.  Hartford does not claim it requires Ms. Housely's expert opinion to support or oppose summary judgment, and has not pursued relief under Rule 56(d).  Furthermore, once

resolved, the motions for summary judgment may dispose of the case and eliminate the need for Ms. Housely's  testimony altogether.

Although the Court concludes the motion should be denied because Ms. Housely's opinion is not relevant at this stage of the proceedings, her opinion may take on relevance if this case is not resolved on summary judgment.  In the event the case remains pending after the District Judge rules on the motions for summary judgment, Hartford may renew its request to reopen discovery.

Defendant's *Motion to Extend Discovery Deadline to Disclose an Additional Expert Witness and Report* [Doc. 36], filed June 6, 2011, is **DENIED without prejudice**.

_____
**DON J. SVET**
**United States Magistrate Judge**