IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**MICHAEL ROMERO,**

      **Plaintiff,**

**v.**                                                                                           CIV No. 10-0867 LH/DJS

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

      **Defendant.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on an appeal[1] from an opinion and order, entered by Magistrate Judge Svet (Docket No. 49), denying without prejudice Hartford's motion to extend a discovery deadline to disclose an additional expert witness and report. For the reasons stated herein, Hartford's appeal, Docket No. 54, is not well taken and will be overruled. Judge Svet's July 19, 2011 order is **affirmed.**

## Legal Standards for Motions under FED.R.CIV.P. 72(a)

This Court reviews a magistrate's order under the terms of 28 U.S.C. § 636 and FED.R.CIV.P. 72(a). Rule 72 mandates that a magistrate's order will not be modified or set aside in any way

---

[1] The lengthy title of this appeal document is: "Defendant Hartford Life and Accident Insurance Company's Appeal From and Objections to Magistrate's Opinion and Order Denying Without Prejudice Hartford's Motion to Extend Discovery Deadline to Disclose an Additional Expert Witness and Report [Doc No. 49]." *See* Docket No. 54.

unless it is found to be clearly erroneous or contrary to law.  *See also Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461-62 (10th Cir. 1988); *Comeau v. Rupp*, 142 F.R.D. 683, 684 (D.Kan. 1992).  The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues.  Under this standard, the Court must affirm the decision of the magistrate unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp.*, 847 F.2d at 1464.  "Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes,  the court will overrule the magistrate's determination only if this discretion is abused." *Comeau v. Rupp*, 762 F.Supp. 1434, 1450 (D.Kan.1991).  "Courts have consistently found routine discovery motions to be 'non-dispositive' within the meaning of Rule 72(a)."  *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994). Because Defendant objects to Judge Svet's non-dispositive rulings with regard to discovery, his rulings are subject to review according to the above standards.

**Evaluation of Judge Svet's Discovery Order**

Judge Svet characterized the issue before him as "whether to reopen discovery to permit Defendant to disclose an expert who will opine that the signature on a coverage increase form is not authentic."  Mem.Op. and Order at 1.  Judge Svet noted that the amount of the death benefit, assuming coverage, is also in dispute.  "The benefit changed several times over the years Mrs. Romero was enrolled in the Policy.  The most recent change was a purported increase in 2007 from $1,000 to $300,000.  Mr. Romero claims Hartford sent his mother a form inviting her to increase the benefit (the "2007 increase form"), and that either his mother signed the form or [the] he perhaps signed the form with Mrs. Romero's name acting as power of attorney on her behalf. [Doc. 41 at 2 (¶¶ 3,5).]" Mem.Op. and Order at 2.  Judge Svet concluded that additional discovery sought by

Hartford was "unnecessary because two motions for summary judgment which may dispose of the case are pending, and neither side claims to need the opinion of an expert document examiner to support or oppose summary.[2]" Mem.Op. and Order at 3. Judge Svet also correctly observed that a determination as to whether or not coverage exists necessarily precedes a determination of the amount of coverage. *Id.*. "If Hartford prevails on its summary judgment motion, the question of the amount of benefits due falls away and the validity of the 2007 increase form – as well as the authenticity of the of the signature – become a nonissue. There is no need for the parties to engage in expert discovery bearing on the amount of the benefit when the issue of coverage is pending on summary judgment and may be dispositive of the case." *Id*. Finally, Judge Svet noted that the parties might be able to agree to reopen discovery in the future, on a limited basis, if the case is not otherwise resolved, and noted that in that event, Hartford may renew its request to reopen discovery. *Id*. at 5.

I agree with Judge Svet's conclusions. Although Hartford contends that Judge Svet's decision is clearly erroneous and contrary to law, Hartford cites no law that has been misapplied or misinterpreted. An abuse of discretion occurs only when the court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987).

Hartford claims that Judge Svet's ruling is unduly prejudicial because it will ultimately lead to delay of the case, repeatedly asserting that a lack of authenticity of the October 9, 2007 coverage increase request form could provide a defense to Plaintiff's claims. These assertions ignore the

---

[2] According to Judge Svet's Memorandum Opinion and Order, at a July 14, 2011 hearing, Hartford's counsel contended that the handwriting expert's opinion was relevant to Mr. Romero's credibility and might be used at trial. Mem.Op. and Ord. at 4.

reasoning of Judge Svet's decision, which is that, regardless of whether or not the coverage increase form was signed by Mrs. Romero and accordingly, regardless of the amount of potential coverage, this Court must necessarily decide whether or not Mrs. Romero's death was covered by the policy she had purchased from Hartford.

For these reasons, I conclude that Judge Svet's rulings are well founded in law, logic and fact, they do not constitute an abuse of discretion, and shall be affirmed.

**WHEREFORE**, for the reasons stated herein, Defendant Hartford Life and Accident Insurance Company's Appeal From and Objections to Magistrate's Opinion and Order Denying Without Prejudice Hartford's Motion to Extend Discovery Deadline to Disclose an Additional Expert Witness and Report [Doc No. 49], Docket No. 54, is not well taken and will be overruled. Judge Svet's July 19, 2011 order is **affirmed.**

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**